## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

NOORA INC., a Michigan corporation,
and DREAM MARKET INC., a
Michigan corporation,

    Plaintiffs,

    v.

ROYAL INTERNATIONAL FOODS
INC d/b/a DREAMLAND FOODS, a
Michigan corporation, ROYAL
INTERNATIONAL FOODS 2 INC, a
Michigan corporation, and
DREAMLAND FOODS 1 INC, a
Michigan corporation, jointly and
severally,

    Defendants.

Case No.
Hon.

---

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOORA INC., a Michigan corporation, and DREAM MARKET INC., a
Michigan corporation, for their Complaint against ROYAL INTERNATIONAL
FOODS INC d/b/a DREAMLAND FOODS, a Michigan corporation, ROYAL
INTERNATIONAL FOODS 2 INC, a Michigan corporation, and DREAMLAND
FOODS 1 INC, a Michigan corporation, jointly and severally, allege as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Lanham Act [15 U.S.C. §§ 1051 et seq].
This Court has federal question jurisdiction in this matter, in that Plaintiff seeks

injunctive relief and damages against the Defendants under the Lanham Act [15 U.S.C. § 1121; 28 U.S.C. § 1338(a)]. This Court has pendent jurisdiction over any claims arising under state law, in that such claims are asserted under the common law of the State of Michigan, and flow from a common nucleus of operative facts.

2.      Venue lies within this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d), in that, among other things, the defendants reside in, maintain offices and facilities in, do business in and/or are subject to personal jurisdiction in this District, and a substantial part of the events, acts or omissions on which Plaintiffs' claims are based occurred in this District.

## PARTIES

3.      Plaintiff NOORA INC. is a corporation organized under and pursuant to the laws of the State of Michigan, is qualified to do business in the State of Michigan, has a principal place of business in this District, and transacts business within this District.

4.      Plaintiff DREAM MARKET INC. is a corporation organized under and pursuant to the laws of the State of Michigan, is qualified to do business in the State of Michigan, has a principal place of business in this District, and transacts business within this District.

5.      Defendant ROYAL INTERNATIONAL FOODS INC, doing business as DREAMLAND FOODS, is a corporation organized under and pursuant to the

laws of the State of Michigan, is qualified to do business in the State of Michigan, has a principal place of business in this District, and transacts business within this District.

6.      Defendant ROYAL INTERNATIONAL FOODS 2 INC is a corporation organized under and pursuant to the laws of the State of Michigan, is qualified to do business in the State of Michigan, has a principal place of business in this District, and transacts business within this District.

7.      Defendants DREAMLAND FOODS 1 INC is a corporation organized under and pursuant to the laws of the State of Michigan, is qualified to do business in the State of Michigan, has a principal place of business in this District, and transacts business within this District.

## ALLEGATIONS

**I.      Plaintiffs' trademark registrations.**

8.      Plaintiffs Noora Inc. and Dream Market Inc. are the owner and licensee, respectively, of the name and trademark **DREAM MARKET** and the trademark  (**DREAM MARKET Stylized & Design**) (collectively, the "Dream Market Marks"), both of which are federally registered.

9.      Noora filed an application to federally register **DREAM MARKET** as a "standard character" mark in the U.S. Patent & Trademark Office ("USPTO") on January 31, 2020.

10.     The USPTO approved the application for publication on November 2, 2020, and published the application for opposition on December 8, 2020. No opposition was filed against the application.

11.     The USPTO issued a certificate of registration for the mark on February 23, 2021, assigning it Registration No. 6,275,319 on the Principal Register for "Retail grocery stores" in Class 35 with a first use date of May 17, 2010. A true and correct copy of the **DREAM MARKET** registration certificate is attached as **Exhibit 1**.

12.     Noora filed an application to federally register the **DREAM MARKET Stylized & Design** mark in the USPTO on February 21, 2020.

13.     The USPTO approved the application for publication on November 23, 2020, and published the application for opposition on December 29, 2020. No opposition was filed against the application.

14.     The USPTO issued a certificate of registration for the mark on March 16, 2021, assigning it Registration No. 6,292,199 on the Principal Register for "Retail grocery stores" in Class 35 with a first use date of May 17, 2010. A true and correct copy of the **DREAM MARKET Stylized & Design** registration certificate is attached as **Exhibit 2**.

15.     Noora's federal registrations for the Dream Market Marks continue to be in full force and effect.

4

16.    Continuously since 2010, Plaintiffs have used the Dream Market Marks in commerce to identify its services. Plaintiffs' services have been advertised, promoted, publicized, marketed, or otherwise offered and rendered in interstate commerce, including within the State of Michigan and this District, under the Dream Market Marks.

17.    By virtue thereof, together with consumer acceptance and recognition of the Dream Market Marks, the Dream Market Marks identify Plaintiffs' services, and distinguish them from services offered or rendered by others. The Dream Market Marks have thus become, and are, valuable assets symbolizing Plaintiffs, the quality of their services, and their goodwill.

18.    Plaintiffs display the registration symbol ® in connection with their use of the Dream Market Marks.

## II.    Defendants' trademark registrations.

19.    Defendants are engaged in the business of operating retail grocery stores.

20.    On information and belief, Defendants have advertised, promoted, publicized, marketed, or otherwise offered and rendered these services in interstate commerce, including within the State of Michigan and this District, under the trademark **DREAMLAND MARKET**.

21.    On information and belief, Defendants have neither filed for nor

received a federal registration for their **DREAMLAND MARKET** mark.

22.     Defendants' use of the **DREAMLAND MARKET** trademark in connection with retail grocery store services and related services is likely to cause, and has caused, confusion, mistake or deception among consumers as to the source, quality and nature of Defendants' services.

23.     There exists an overlap in Plaintiffs' and Defendants' trade areas, in that both Plaintiffs' and Defendants' goods were and/or are advertised and rendered in the same markets in Michigan, and by virtue of the reach of the Internet, elsewhere throughout the United States and the world.

24.     Plaintiffs and Defendants are direct competitors operating in nearby proximity to each other.

25.     Plaintiffs sent a cease and desist letter to Defendants on March 10, 2025. Defendants declined to cease using the **DREAMLAND MARKET** mark.

## CAUSES OF ACTION

## COUNT I – INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS – FORWARD CONFUSION

26.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth herein.

27.     The acts and omissions of Defendants are likely to cause, and have caused, confusion, deception, or mistake, and are likely to create the false and misleading impression that the services offered and rendered by Defendants

originate with Plaintiffs, or are affiliated with, connected to, associated with, sponsored by, or approved by Plaintiffs. Said actions constitute infringement of Plaintiffs' federally registered **DREAM MARKET** and **DREAM MARKET Stylized & Design** trademarks in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) [Lanham Act §§ 32 & 43].

28.    On information and belief, as a proximate result of Defendants' acts and omissions, Defendants have derived substantial revenues, income, and/or profits in an amount not yet ascertained, and that Defendants have received other non-cash benefits the value of which has not yet been ascertained, but on information and belief exceeds $75,000 for each Defendant.

29.    As a proximate result of Defendants' acts and omissions, Plaintiffs have been deprived of substantial revenues which they could or would have earned from sales, licensing, and other exploitation of its trademarks and services, have been deprived of the value of their trademarks as a commercial asset, and have suffered a loss of goodwill, in an amount not yet ascertained but which, on information and belief, exceeds $75,000.

30.    Defendants' acts and omissions were willfully undertaken notwithstanding Plaintiffs' well-known and prior established rights in the Dream Market Marks, with both actual and constructive notice of Plaintiffs' federal registration rights under 15 U.S.C. § 1072 [Lanham Act § 22].

31.     As a direct and proximate result of these acts, Plaintiffs have suffered and will continue to suffer severe injuries and damage, which cannot be reasonably or adequately measured or compensated in damages. Defendants' activities are causing, and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the Dream Market Marks, for which Plaintiffs have no adequate remedy at law.

32.     Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiffs' registered trademarks, thus engendering a multiplicity of judicial and administrative proceedings, and pecuniary compensation will not afford Plaintiffs adequate relief for the damage to their marks in the public perception.

33.     Defendants caused, and are likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117 [Lanham Act §§ 32, 34, & 35].

## COUNT II – UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

34.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth herein.

35.     Defendants' use of confusingly similar imitations of the Dream Market

8

Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are offered and rendered by Plaintiffs, or are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

36.     Defendants have made false representations, false descriptions, and false designations of origin on, or in connection with, their services in violation of 15 U.S.C. § 1125(a) [Lanham Act § 43]. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the Dream Market Marks, for which Plaintiffs have no adequate remedy at law.

37.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Dream Market Marks to the severe and irreparable injury of Plaintiffs.

38.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117 [Lanham Act §§ 43, 34, & 35].

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth herein.

40.     In addition to the federal registrations set forth herein, Plaintiffs have common law rights in the Dream Market Marks, in that Plaintiffs own and use the Dream Market Marks. Plaintiffs own and enjoy common law rights in Michigan and throughout the United States in the Dream Market Marks in connection with the relevant services, which are superior to any rights that Defendants may claim in and to said trademarks, in any form or style, in connection with such services.

41.     Defendants' acts and omissions constitute infringement of Plaintiffs' common law trademark rights in the Dream Market Marks and common law unfair competition.

42.     As a proximate result of Defendants' infringement of Plaintiffs' common law rights in the Dream Market Marks and common law unfair competition, Plaintiffs are entitled to the damages and injunctive relief sought herein on that basis as well.

### COUNT IV – DECLARATION, INJUNCTION, AND DAMAGES UNDER THE MICHIGAN CONSUMER PROTECTION ACT (MICH. COMP. LAWS § 445.901 *ET SEQ.*

43.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth herein.

44.     Defendants' acts and omissions described herein have caused and will

cause a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services.

45.     By their acts and omissions described herein, Defendants have used and are using deceptive representations in connection with their services.

46.     Consequently, Defendants have unlawfully engaged and are unlawfully engaging in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce as defined in Mich. Comp. Laws § 445.903(1).

47.     As a proximate result of Defendants' unlawful conduct, Plaintiffs are entitled to declaratory relief, damages, reasonable attorney fees, and injunctive relief under Mich. Comp. Laws §§ 445.911(1) & (2).

## **PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs pray for the following relief:

1.     A permanent injunction enjoining Defendants, their affiliates, wholly-owned subsidiaries, successors in interest, assigns, and their shareholders, directors, agents, representatives, employees, and all persons acting with, under, in concert with or for them, from:

> a.     Using or displaying **DREAMLAND MARKET** or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Dream Market Marks, in connection with retail grocery store services and related services;

      b.      Otherwise infringing Plaintiffs' Dream Market Marks;

      c.      Causing likelihood of injury to Plaintiffs' business reputation; and

      d.      Causing likelihood of confusion, deception, or mistake as to the source, origin, nature, or quality of Defendants' goods or services.

2.      An order directing Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after service of such injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

3.      An order requiring Defendants to deliver up and destroy all infringing materials bearing the infringing designations.

4.      All of Defendants' profits derived from their respective infringements and other aforesaid violations of Plaintiffs' Dream Market Marks.

5.      All of Plaintiffs' damages incurred as a result of Defendants' infringements and other violations of Plaintiffs' Dream Market Marks.

6.      A declaration under Mich. Comp. Laws § 445.911(1)(a) that Defendants' respective infringements and other aforesaid violations of Plaintiffs' Dream Market Marks is unlawful under Section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

7.      Damages for Defendants' unfair competition under Mich. Comp. Laws § 445.911(2).

8.      An injunction in the form described above under Mich. Comp. Laws § 445.911(1)(b).

9.      Plaintiffs' reasonable attorney fees under Mich. Comp. Laws § 445.911(2).

10.     Three times the amount of Plaintiffs' damages incurred as a result of Defendants' infringements and other violations of Plaintiff's Dream Market Marks.

11.     A reasonable royalty.

12.     Plaintiffs' reasonable attorney fees incurred in connection with this action.

13.     Plaintiffs' costs of litigation incurred with this action.

14.     Other relief in favor of Plaintiffs as the Court may deem just and proper.

Respectfully submitted,

*/s/Brian P. Markham*
**MANTESE HONIGMAN, P.C.**
Ian Williamson (P65056)
Brian P. Markham (P85085)
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200
iwilliamson@manteselaw.com
bmarkham@manteselaw.com

Dated: June 5, 2025